UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   ECF Case
LEONARD SLATIN,

                          Plaintiff        Complaint

    -against-                              Index No. 07-CIV-

FORTUNOFF FINE JEWELRY & SILVERWARE, INC.
and PENNEY WERNER, individually and as Director of
Human Resources,

                        Defendants
------------------------------------------------------------x

      Plaintiff LEONARD SLATIN by his attorney Joel Field, Esq. as and for his complaint against defendants FORTUNOFF FINE JEWELRY & SILVERWARE, INC. and PENNEY WERNER, individually and as Director of Human Resources of defendant FORTUNOFF FINE JEWELRY & SILVERWEAR, INC. respectfully alleges as follows:

## JURISDICTION AND VENUE

      FIRST: Plaintiff LEONARD SLATIN ("Plaintiff") invokes the jurisdiction of the Court as follows:

      a. With respect to his First and Second Claims for Relief as and against defendant FORTUNOFF FINE JEWELRY & SILVERWARE, INC.("Defendant" or "Fortunoff") under and by virtue of 28 U.S.C. Sections 1331 and 1343 for the purpose of recovering damages pursuant to the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. Sections 621 et seq. ("ADEA"), consisting of but not limited to back pay as well as liquidated damages, costs of suit and attorney fees that were and continue

1

to be incurred as a result of Fortunoff's violation of his rights not to be discriminated against in the terms and conditions of his employment because of his age;

b. With respect to his Third Claim for Relief as and against Fortunoff under and by virtue of the doctrine of pendant jurisdiction and as and against PENNEY WERNER, individually and as Fortunoff's Director of Human Resources ("Werner") pursuant to 28 U.S.C. Section 1332 insofar as Werner maybe a citizen of a state other than the State of New York where plaintiff is a citizen and in that the amount in dispute between plaintiff and Werner is of a sum in excess of Seventy-Five Thousand ($75,000) Dollars excluding interest and insofar as Werner maybe a citizen of the State of New York where plaintiff is a citizen pursuant to 28 U.S.C. Section 1367 (a) as amended all for the purpose of recovering damages pursuant to the Human Rights Law of the State of New York as amended, to wit: Section 290 et seq. of the Executive Law, consisting of but not limited to back pay as well as compensatory and punitive damages that were and continue to be incurred as a result of Fortunoff's acts and conduct done in violation of plaintiff's rights not to be discriminated against in the terms and conditions of his employment because of his age and Werner's acts and conduct in aiding and abetting Fortunoff in the violation of plaintiff's rights not to be discriminated against in the terms and conditions of his employment because of his age.

SECOND: Fortunoff's acts and conduct pertaining to its violation of plaintiff's rights not to be discriminated against in the terms and conditions of his employment because of his age as hereinafter described and alleged as well as Werner's acts and conduct in aiding and abetting Fortunoff in the violation of plaintiff's rights not to be discriminated against because of his age occurred within the Southern District of the

State of New York, to wit: the State of New York, City of White Plains and County of Westchester where plaintiff was employed by Fortunoff as a Receiving Associate in its Receiving Department from in and about November 2004 until his termination in and about April, 2006 and within which District plaintiff resides and where upon information and belief Fortunoff at the material times hereinafter alleged maintained and continues to maintain and operate a retail store and where upon further information and belief Werner at the material times hereinafter alleged was employed by Fortunoff as Director of Human Resources. The venue of this action pursuant to Section 1391 of Title 28 U.S.C. therefore lies within the geographic area of the United States District Court for the Southern District of New York.

## THE PARTIES

THIRD: Plaintiff Leonard Slatin, at the material times hereinafter alleged, is a fifty-nine year old male born December 7, 1946, who Fortunoff employed as a Receiving Associate in the Receiving Department of its White Plains, New York store from in and about November 2004, until in and about April 2006, when he was terminated as the result of an alleged Reduction in Force ("R.I.F").

FOURTH: Upon information and belief defendant Fortunoff Fine Jewelry & Silverware, Inc. at the material times hereinafter alleged was and is a corporation organized under the laws of the State of New York that has and continues to be primarily engaged in the operation of retail stores in the metropolitan New York City area, that specialize among other things in selling at retail fine jewelry and silverware. Upon information and belief Fortunoff at the material times hereinafter alleged operated full

line retail stores at Westbury and White Plains, New York as well as at Wayne and Woodbridge, New Jersey. It additionally operated jewelry and gift stores in New York City and Paramus, New Jersey as well as indoor furniture galleries at approximately ten different locations in New York (Smithtown and Southampton), New Jersey (Eatontown, Lawrenceville, Roxbury, Paramus and Springfield), Connecticut (Danbury and Norwalk) and Pennsylvania (King of Prussia) and a clearance center in Garden City, New York. Upon further information and belief Fortunoff began operating its White Plains store in and about August 2003.

FIFTH : Upon information and belief defendant Penney Werner, individually and as Fortunoff's Director of Human Resources, was and is at the material times hereinafter alleged employed by Fortunoff in that position at its White Plains store and upon further information and belief was responsible for the selection of the employees to be terminated in and about April 2006 at that store as the result of a company wide reduction in force.

## FACTUAL AVERMENTS

SIXTH: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FIFTH as though hereinafter fully set forth:

SEVENTH: Plaintiff was employed by Fortunoff in November 2004 in its White Plains store's Receiving Department as a Receiving Associate. Plaintiff's duties and responsibilities as a Receiving Associate were similar if not interchangeable with those performed by Stock Associates likewise employed by Fortunoff within the Receiving Department.

EIGHTH: Plaintiff upon information and belief while employed by Fortunoff performed his duties and responsibilities in a satisfactory fashion and upon further information and belief unlike many others employed within the Receiving Department as either Receiving and/or Stock Associates not only had an excellent attendance record but consistently reported for work on time.

NINTH: Upon information and belief Fortunoff, in and about April 2006, employed in the White Plains store's Receiving Department, in addition to the Department Manager, thirteen Receiving Associates - two of whom were upon further information and belief age protected, namely plaintiff who was fifty-nine, and another approximately twelve years younger than plaintiff who was forty-seven. Upon yet further information and belief seven Receiving Associates were in their twenties or younger, while four, including the Lead Receiving Associate, were in their thirties.

TENTH: Upon information and belief Fortunoff also employed at that time approximately twenty-eight Stock Associates, two in lead positions - one who was forty-three and the other thirty-four. Upon further information and belief four of the other twenty-six Stock Associates were age protected – two sixty-one and sixty respectively and two forty-four and forty-two respectively. Upon still further information and belief three of the Stock Associates were younger than twenty, sixteen in their twenties and three in their thirties.

ELEVENTH: Upon yet further information and belief plaintiff was among the most senior Stock and/or Receiving Associate employed in the White Plains Receiving Department.

TWELFTH: Upon information and belief Fortunoff's corporate management either immediately prior to January 1, 2006 or shortly thereafter ordered a reduction in force at Westbury, Woodbridge, Wayne, White Plains, New York City and Paramus as well as within the Merchandising, Information Systems, Maintenance and Visual Merchandising Divisions of the Corporate office. Upon further information and belief each location would determine the individuals to be terminated and upon yet further information and belief Werner selected the individuals to be terminated at the White Plains store.

THIRTEENTH: Upon information and belief two Receiving Associates one of whom, plaintiff, was age protected and two Stock Associates, one age protected were selected to be terminated at White Plains.

FOURTEENTH: Upon information and belief shortly before plaintiff was terminated and upon further information and belief after Werner and others had been informed of the reduction in force, substantially younger individuals than plaintiff were employed as either Receiving and/or Stock Associates.

FIFTEENTH: Upon information and belief approximately two or three weeks prior to plaintiff's termination two substantially younger individuals then plaintiff were transferred into the White Plains Receiving Department. Upon further information and belief the hiring of individuals substantially younger than plaintiff to be Receiving and/or Stock Associates as well as the transferring of such individuals into the Receiving Department shortly before plaintiff was terminated was done for the purpose of replacing plaintiff as a Receiving Associate.

SIXTEENTH: Upon information and belief Werner in selecting plaintiff to be terminated as part of the reduction in force considered his age as a factor and upon further information and belief by so doing treated plaintiff in a different manner and fashion than it treated and continues to treat other much younger Stock and/or Receiving Associates in the Receiving Department.

SEVENTEENTH: Plaintiff when terminated on April 20, 2006 was informed that in consideration of his agreeing to execute an Agreement concerning the termination of his employment that included the waiver of any claims that he might have under ADEA he would continue to be paid through April 30th or for an additional week.

EIGHTEENTH: Upon information and belief Fortunoff by requiring age protected employees, like plaintiff, to waive any claims they might have under ADEA in order to receive salary an additional week, required plaintiff to waive claims for a benefit that non age protected employees received without having to waive a like claim.

### AS AND FOR A FIRST CLAIM FOR RELIEF AS AND AGAINST DEFENDANT FORTUNOFF FINE JEWELRY & SILVERWARE INC.

NINETEENTH: Plaintiff repeats each and every allegation set forth in paragraphs FIRST through FIFTH and SIXTH through EIGHTEENTH as though hereinafter fully set forth.

TWENTIETH: Plaintiff on or about June 26, 2006, filed charges with the United States Equal Employment Opportunity Commission ("EEOC") charging that Fortunoff by terminating his employment had violated ADEA which in pertinent part provides:

It shall be unlawful for an employer –

> (1) to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's age.

TWENTY-FIRST: Plaintiff was informed on or about November 24, 2006, that the EEOC had concluded its inquiry into the age discrimination allegations and that he had the right to institute litigation within ninety days thereof.

TWENTY-SECOND: This action has been instituted within ninety days of plaintiff's receipt of the aforesaid notice of right to sue.

TWENTY-THIRD: Fortunoff's acts and conduct terminating plaintiff's employment because of his age and/or age related reasons and/or treating plaintiff in a different manner and fashion than it treated substantially younger like employees as heretofore alleged comprised and continues to comprise acts of employment discrimination based upon age and as such violated and continues to violate ADEA.

TWENTY-FOURTH: Fortunoff in terminating plaintiff's employment acted deliberately and willfully in that his termination was purposefully based upon his age and/or age related reasons in violation of his rights under ADEA.

TWENTY-FIFTH: Plaintiff as a result of the aforesaid acts of age discrimination that resulted in his termination because of his age and/or age related reasons has and continues to suffer the effects of invidious age discrimination and has and continues to lose substantial earnings and other emoluments of employment as well as being forced to suffer and endure humiliation and embarrassment, all in an amount that cannot presently be calculated.

### AS AND FOR A SECOND CLAIM FOR RELIEF AS AND AGAINST DEFENDANT FORTUNOFF FINE JEWELRY & SILVERWARE INC.

TWENTY-SIXTH: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FOURTH, SEVENTH through EIGHTEENTH and TWENTY-THIRD through TWENTY-FIFTH as though hereinafter fully set forth.

TWENTY-SEVENTH: Fortunoff's acts and conduct requiring plaintiff and other age protected employees terminated as a result of the Reduction in Force to waive any claims that they might have under ADEA as a condition to receive a severance benefit that upon information and belief was the same made available to non-age protected employees likewise terminated as a result of the Reduction in Force wrongfully discriminated against plaintiff and the other age protected employees in that such conduct adversely impacted Fortunoff's age protected employees and as such violated and continues to violate the ADEA.

### AS AND FOR A THIRD CLAIM FOR RELIEF AS AND AGAINST DEFENDANTS FORTUNOFF FINE JEWELRY & SILVERWARE, INC. AND PENNEY WERNER, INDIVIDUALLY AND AS DIRECTOR OF HUMAN RESOURCES

TWENTY-EIGHTH: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FIFTH, and SEVENTH through EIGHTEENTH, as though hereinafter fully set forth.

TWENTY-NINTH: Section 296(1)(a) of the Executive Law of the State of New York provides that:

It shall be an unlawful discriminatory practice:

> For an employer ... because of the age ... of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

THIRTIETH: Section 296(6) of the Executive Law of the State of New York provides that:

> It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article or to attempt to do so.

THIRTY-FIRST: Fortunoff's acts and conduct in considering plaintiff's age as a factor in determining to terminate plaintiff's employment as the result of a Reduction in Force and in replacing plaintiff in the Receiving Department with substantially younger employees comprised and continues to comprise acts of employment discrimination based upon age and as such violated and continues to violate the New York State Human Rights Law, to wit: Section 296 (1) (a) of the Executive Law.

THIRTY-SECOND: Penney's acts and conduct in considering plaintiff's age as a factor in selecting him to be terminated as part of the Reduction in Force aided and abetted Fortunoff in its engaging in acts and conduct forbidden under the New York State Human Rights Law to wit: discrimination against employees because of their age.

THIRTY-THIRD: Penney's acts and conduct as described herein violated Section 296(6) of the New York State Human Rights Law in that such acts and conduct constituted the aiding and abetting of acts forbidden under the New York State Human Rights Law.

THIRTY-FOURTH: Plaintiff as a result of the aforesaid acts by which his age became a factor in him being selected for termination as part of the Reduction in Force has and continues to suffer the effects of invidious discrimination and has and continues

to lose substantial earnings and other emoluments of employment as well as being forced to suffer and endure humiliation and embarrassment, all in an amount that cannot be presently calculated.

WHEREFORE, Plaintiff LEONARD SLATIN prays that this Court finds under his First and Second Claims for Relief that he has and continues to suffer from the conduct of and acts caused by defendant FORTUNOFF FINE JEWELRY & SILVERWARE, INC. and its agents, servants and employees all contrary to his rights under the Age Discrimination in Employment Law of 1967 as amended, 29 U.S.C. Sections 621 et seq.; and that this Court further finds under his Third Claim for Relief that he has and continues to suffer from the conduct of and acts caused by defendants FORTUNOFF FINE JEWELRY & SILVERWARE INC. and PENNEY WERNER and their agents, servants and employees all contrary to his rights under the New York State Human Rights Law, Section 296 of the Executive Law and that this Court grant the following relief:

a. A money judgment award in favor of plaintiff LEONARD SLATIN and against defendant FORTUNOFF FINE JEWELRY & SILVERWARE INC. under the Age Discrimination in Employment Act of 1967 as amended in an amount to be determined at trial for the pecuniary losses he has and continues to incur as a result of being discriminated against because of his age including, but not limited to, back pay and all other emoluments of his employment all computed with interest from on and about April 20, 2006, the date of his termination, to the date that he is unconditionally offered a position comparable to or better than the position from which he was discriminatorily

terminated together with such out of pocket expenses that have been incurred including but not limited to reasonable attorney fees;

b. A money judgment award of liquidated damages under the Age Discrimination in Employment Act of 1967 as amended in favor of plaintiff LEONARD SLATIN against defendant FORTUNOFF FINE JEWELRY & SILVERWARE, INC. for an additional sum equal to the amount computed in accordance with subparagraph (a) hereof, all as provided by 29 U.S.C. Section 216(b), inasmuch as said defendant FORTUNOFF FINE JEWELRY & SILVERWARE INC's violation of said Age Discrimination in Employment Act was willful.

c. A money judgment award in favor of plaintiff LEONARD SLATIN and against defendants FORTUNOFF FINE JEWELRY & SILVERWARE INC. and PENNEY WERNER, individually and as Director of Human Resources under the New York State Human Rights Law – Section 290 et seq. of the Executive Law of the State of New York in an amount to be determined at trial for the pecuniary losses, including but not limited to, back pay and other emoluments of employment computed with interest from the date of his termination, on and about April 20, 2006, to the date that he is unconditionally offered a position comparable to or better than the position from which he was discriminatorily terminated as well as compensatory damages also in an amount to be determined at trial for the mental distress, anguish, pain and suffering experienced by plaintiff as a result of the defendants' wrongful conduct all as provided under the New York State Human Rights Law;

d. An allowance for the costs and disbursements plaintiff LEONARD SLATIN incurred and continues to incur in the prosecution of this action including his reasonable attorney fees; and

e. Such other and further equitable and legal and affirmative relief as the Court may deemed to be just and proper in the circumstances.

> JOEL FIELD, Esq
> Attorney for Plaintiff Leonard Slatin
> Westchester Financial Center
> 50 Main Street
> White Plains, New York 10606
> (914) 997-7400
>
> *[signature]*
> Joel Field (JF-2158)

PLEASE TAKE NOTICE that Plaintiff LEONARD SLATIN herewith demands trial by jury of all issues so triable in this action.

> *[signature]*
> Joel Field (JF-2158)

Dated: White Plains, New York
       February 20, 2007

13