UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
LEONARD SLATIN,

                Plaintiff,

    - against -

FORTUNOFF FINE JEWELRY & SILVERWARE,
INC. and PENNEY WERNER, individually and as
Director of Human Resources,

                Defendants.
------------------------------------------------------------x

Case No. 07 CIV. 1267 (SCR)

**ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT**

        Defendants Fortunoff Fine Jewelry & Silverware, LLC ("Fortunoff") (incorrectly named in the complaint as "Fortunoff Fine Jewelry Silverware, Inc.") and Penney Werner (collectively, "Defendants"), by and through their attorneys Epstein Becker & Green, P.C., hereby answers the Complaint of Plaintiff Leonard Slatin ("Plaintiff") in the above-captioned action as follows:

### As to "Jurisdiction and Venue"

        1.    Defendants deny the allegations contained in Paragraph "FIRST" of the Complaint, except to admit that Plaintiff purports to bring claims under the Age Discrimination in Employment Act, 29 U.S.C. ¶¶ 621-634, ("ADEA") and the New York State Human Rights Law ("NYSHRL") and to state that the Court's subject matter jurisdiction is a matter of law for the Court to determine and to respectfully refer the Court to the statutes cited in this paragraph for their full text.

2. Defendants deny the allegations contained in Paragraph "SECOND" of the Complaint, except to admit that Fortunoff maintains and operates a retail store in White Plains, New York in the County of Westchester, in which Ms. Werner has been as Director of Human Resources from March 2004 to the present, that Plaintiff was employed at that store as a Receiving Associate from in or about November 2004 to in or about April 2006, and to deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the judicial district within which Plaintiff resides.

### As to "The Parties"

3. Defendants deny the allegations contained in Paragraph "THIRD" of the Complaint except to admit that Fortunoff employed Plaintiff as a Receiving Associate in the Receiving Department in its White Plains, New York store from in or about November 2004 until his employment was terminated as part of a reduction-in-force in or about April 2006 and to deny knowledge or information sufficient to form a belief as to his date of birth other than to state that, according to information provided by Plaintiff, his date of birth is December 7, 1946.

4. Defendants deny the allegations contained in Paragraph "FOURTH" of the Complaint, except to admit that Fortunoff is a limited liability company formed under the laws of the State of New York, that maintains and operates stores engaged in, among other things, the retail sales of fine jewelry and silverware, that it maintains and operates the stores referenced in the Complaint and others, and that it opened its White Plains store in or about September 2003.

5. Defendants deny the allegations contained in Paragraph "FIFTH" of the Complaint, except to admit that Ms. Werner has been the Director of Human Resources for Fortunoff's White Plains Store from March 2004 to the present, and that, in that capacity, she

selected, with the approval of members of senior management, the criteria used to determine which employees were to be laid off at the White Plains store in or about April 2006 as part of a companywide reduction-in-force.

### As to "Factual Averments"

6. With respect to the Paragraph "SIXTH" of the Complaint, Defendants repeat and reallege their responses to the allegations contained in the FIRST through the FIFTH Paragraphs of the Complaint as if fully set forth at length herein.

7. Defendants deny the allegations contained in Paragraph "SEVENTH" of the Complaint, except admit that Plaintiff was hired as a Receiving Associate in the Receiving Department of Fortunoff's White Plains store in or about November 2004.

8. Defendants deny the allegations contained in Paragraph "EIGHTH" of the Complaint, except admit that Plaintiff's attendance and punctuality record were satisfactory.

9. Defendants admit the allegations contained in Paragraph "NINTH" of the Complaint except to deny that employees covered by laws prohibiting age discrimination in employment at Fortunoff's White Plains Store were limited to those employees 40 or more years of age..

10. Defendants admit the allegations contained in Paragraph "TENTH" of the Complaint except to deny that employees covered by laws prohibiting age discrimination in employment at Fortunoff's White Plains Store were limited to those employees 40 or more years of age.

11. Defendants deny the allegations contained in Paragraph "ELEVENTH" of the Complaint.

12. Defendants admit the allegations contained in Paragraph "TWELFTH" of the Complaint, except to state that the decision to implement the reduction-in-force was made in or about February 2006, to deny that Ms. Werner selected the persons to be laid off and to state that, in her capacity of Director of Human Resources for Fortunoff's White Plains Store, Ms. Werner selected, with the approval of members of senior management, the criteria used to determine which employees were to be laid off at the White Plains store in or about April 2006.

13. Defendants deny the allegations contained in Paragraph "THIRTEENTH" of the Complaint.

14. Defendants deny the allegations contained in Paragraph "FOURTEENTH" of the Complaint.

15. Defendants deny the allegations contained in Paragraph "FIFTEENTH" of the Complaint.

16. Defendants deny the allegations contained in Paragraph "SIXTEENTH" of the Complaint.

17. Defendants deny the allegations contained in Paragraph "SEVENTEENTH" of the Complaint.

18. Defendants deny the allegations contained in Paragraph "EIGHTEENTH" of the Complaint.

### As to "First Claim for Relief"

19. With respect to the Paragraph "NINETEENTH" of the Complaint, Defendants repeat and reallege their responses to the allegations contained in the FIRST through the EIGHTEENTH Paragraphs of the Complaint as if fully set forth at length herein.

20. Defendants admit the allegations contained in Paragraph "TWENTIETH" of the Complaint, and respectfully refer the Court to the ADEA for its full text.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-FIRST" of the Complaint.

22. Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-SECOND" of the Complaint.

23. Defendants deny the allegations contained in Paragraph "TWENTY-THIRD" of the Complaint.

24. Defendants deny the allegations contained in Paragraph "TWENTY-FOURTH" of the Complaint.

25. Defendants deny the allegations contained in Paragraph "TWENTY-FIFTH" of the Complaint.

### As to "Second Claim for Relief"

26. With respect to the Paragraph "TWENTY-SIXTH" of the Complaint, Defendants repeat and reallege their responses to the allegations contained in Paragraphs "FIRST" through the "TWENTY-FIFTH" of the Complaint as if fully set forth at length herein.

27. Defendants deny the allegations contained in Paragraph "TWENTY-SEVENTH" of the Complaint.

### As to "Third Claim for Relief"

28. With respect to the Paragraph "TWENTY-EIGHTH" of the Complaint, Defendants repeat and reallege their responses to the allegations contained in the FIRST through the TWENTY-SEVENTH Paragraphs of the Complaint as if fully set forth at length herein.

29. The allegations contained in Paragraph "TWENTY-NINTH" of the Complaint constitute statements of law to which no response is required, and Defendants respectfully refer the Court to the NYSHRL for its full text.

30. The allegations contained in Paragraph "THIRTIETH" of the Complaint constitute statements of law to which no response is required, and Defendants respectfully refer the Court to the NYSHRL for its full text.

31. Defendants deny the allegations contained in Paragraph "THIRTY-FIRST" of the Complaint.

32. Defendants deny the allegations contained in Paragraph "THIRTY-SECOND" of the Complaint.

33. Defendants deny the allegations contained in Paragraph "THIRTY-THIRD" of the Complaint.

34. Defendants deny the allegations contained in Paragraph "THIRTY-FOURTH" of the Complaint.

### As to Plaintiff's Prayer for Relief

35. Defendants deny that Plaintiff is entitled to any recovery sought in each and every prayer for relief contained in the WHEREFORE clause of the Complaint.

## DEFENSES

In further Answer to the Complaint, Defendants assert the following defenses:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

All actions taken by Defendants with regard to Plaintiff were taken in good faith, for reasonable and legitimate business reasons, and were based on lawful, nondiscriminatory job-related factors.

### THIRD DEFENSE

Plaintiff is not entitled to recover liquidated damages because Defendants did not engage in any willful discriminatory practice or conduct.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that he failed to mitigate his alleged damages, if any.

### FIFTH DEFENSE

Defendants' claims are barred to the extent they are asserted beyond any applicable limitation periods.

### SIXTH DEFENSE

Plaintiff's claims under the NYSHRL are barred to the extent he elected his administrative remedies under that law.

### SEVENTH DEFENSE

Even if Plaintiff's age or other unlawful criteria was a factor in any challenged decision (which Defendants vigorously deny), the same decisions would have been made with regard to his employment in the absence of any consideration of age or any other unlawful factors.

### EIGHTH DEFENSE

Plaintiff cannot impose individual liability against Defendant Werner under an aider and abettor theory or under any other theory under the NYSHRL.

### NINTH DEFENSE

The complaint is barred, in whole or in part, by the doctrines of waiver and estoppel.

### TENTH DEFENSE

The complaint is barred, in whole or in part, by the doctrines of laches and unclean hands.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent he failed to satisfy the administrative conditions precedent to bringing suit and to the extent that they are asserted beyond the scope of his charge of discrimination.

## TWELFTH DEFENSE

Plaintiff's claims for relief are barred to the extent that he contributed to his injuries.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent they seek relief falling under the exclusive remedy provisions of the New York State Workers Compensation Laws.

## FOURTEENTH DEFENSE

Defendant has reasonable policies and procedures in place to prevent and correct promptly the alleged conduct in the complaint and Plaintiff's claims are barred to the extent that he unreasonably failed to avail himself of those procedures.

## FIFTEENTH DEFENSE

Plaintiff cannot impose aider or abettor liability or any other liability against Defendant Werner under the circumstances alleged in the complaint.

Defendants reserve the right to assert other defenses with regard to some or all of Plaintiff's causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully requests that the Court enter judgment:

(1) Dismissing the Complaint in its entirety with prejudice;

(2) Denying each and every prayer for relief set forth in Plaintiff's "Wherefore" clause;

(3) Awarding Defendants all costs, fees and disbursements, including reasonable attorneys' fees, incurred in this proceeding; and

(4) Awarding Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York  
April 30, 2007

EPSTEIN BECKER & GREEN, P.C.

By: _____  
James Murphy (JM-9152)  
Lisa J. Teich (LT-7528)  
250 Park Avenue  
New York, New York 10177-1211  
(212) 351-4500  
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney admitted to practice before the United States District Court of the Southern District of New York and that on April 30, 2007 I caused to be served a copy of the foregoing Defendant's Answer and Defenses to Plaintiff's Complaint, via first class mail, postage pre-paid, upon the attorney for Plaintiff and addressed as follows:

Joel Field, Esq.
Westchester Financial Center
50 Main Street
White Plains, NY 10606

Dated: April 30, 2007
New York, New York

_____
Lisa J. Teich