James Murphy (JM-9152)
Lisa J. Teich (LT-7528)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
LEONARD SLATIN,

               Plaintiff,

      - against -

FORTUNOFF FINE JEWELRY & SILVERWARE,
INC. and PENNEY WERNER, individually and as
Director of Human Resources,

               Defendants.
------------------------------------x

Case No. 07 CIV. 1267 (SCR)

**CONFIDENTIALITY**
**STIPULATION AND ORDER**

      WHEREAS, the parties wish to protect the personal privacy of the parties and other individuals involved herein, as well as any trade secrets, proprietary or otherwise confidential information disclosed in the course of discovery; and

      WHEREAS, discovery in this matter involves documents and information that may appropriately be the subject of a protective order;

      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between each of the parties as follows:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE

NY:2128379v1

1. "Confidential Information" as used herein shall mean documents and information produced in discovery which is designated by any party as confidential and which concerns (a) confidential personal or personnel information concerning either parties or non-parties to this litigation; or (b) trade secrets, proprietary information, financial information or otherwise confidential business information.

2. Information shall be designated as confidential in the following manner: (a) as to documents, by marking the document(s) "Confidential" or by submitting a notice with the document(s) stating the document(s) to be confidential; (b) as to interrogatory responses or other inquiries, by noting in the response to the inquiry that the response contains confidential information; and (c) as to depositions, if any, by the parties noting at the deposition or within ten days of receiving a transcript of the deposition that the information is confidential.

3. The parties agree that the confidential information shall only be used to assist in the prosecution or defense of this action and that it shall be accorded the treatment set forth herein.

4. No confidential information provided to a party in discovery may be disclosed, shown or otherwise revealed to anyone other than: (a) the parties (which shall include as to disclosure by a party, disclosures to current and former directors, officers and employees of that party); (b) counsel for the parties and members and employees thereof; (c) non-party witnesses and potential witnesses to whom documents or information need be disclosed; (d) experts or other persons retained to assist in the prosecution or defense of this matter, and (e) the Court and employees of the Court.

5.     Before disclosure of any Confidential Information to any person listed in paragraph 4(c) and (d), such persons shall read and sign a copy of the agreement to be bound by the confidentiality stipulation and order attached hereto as Exhibit A or if at a deposition verbally agree to be bound on the record. The failure of a party to designate information as Confidential does not preclude a party from subsequently designating information as confidential.

6.     Except upon further Order of this Court, with the consent of the party producing the Confidential Information, or as otherwise provided in this Order, no Confidential Information shall be filed with any court, or disclosed in any pleadings, motions, depositions, or other documents placed in the record of the litigation, unless the materials containing such information are placed in a sealed envelope or other appropriate sealed container, on which shall be endorsed the style of this action, a description of the contents of the container, the words "Confidential – Subject to Court Order" and the following statement or words to this effect:

> This envelope (or container) contains Confidential Material
> produced in this case by (name of Designating Party); it is not to
> be opened, nor are the contents to be displayed or revealed to
> anyone other than the Court, except on Order of the Court.

7.     Prior to submitting documents under seal that were produced by another party, the filing party should first, if practicable, first attempt to confer with the producing party to determine whether the confidentiality of the information may be protected by some other method, such as redaction of the Confidential Information. In addition, if practicable, only those portions of materials filed with the Court that contain Confidential Information should be filed under seal.

8. Upon final disposition of this matter, all documents subject to this confidentiality stipulation and order other than papers filed with or submitted to the Court, and any copies thereof, shall, upon request (or later if the documents have not been destroyed or disposed of) and at the expense of the requesting party, be returned to the party who produced the documents. Absent such request, the party holding such documents may destroy or securely dispose of such documents. A party's counsel may keep and not destroy a full set of any documents produced in the litigation as well as documents incorporating or referring to information exchanged during the course of this proceeding which is inextricably fused with the work product of that party's counsel or is part of the record in this matter or any related proceeding. All such documents shall, in any event, remain confidential in accordance with this stipulation and order.

9. In the event that the parties disagree at any stage of the proceedings with the designation by any party of any information as Confidential Information, the parties shall first try to dispose of the dispute in good faith on an informal basis, and following that, may ask the Court as the case may be to resolve the dispute. Until a contrary decision of the Court is reached, the materials designated as Confidential Information shall be treated as Confidential Information pursuant to the terms of this Stipulation and Order.

10. Nothing contained herein shall be construed (i) to prevent any party from using produced materials or information to assist in the prosecution or defense of this action; or (ii) from objecting to the production of information on any permissible ground. In addition, unless further ordered by the Court, and except as otherwise specified herein, nothing herein

shall be construed to affect the conduct of the Court proceedings in this matter or the Court's management of this matter; including a trial or hearing.

11.     Nothing contained herein shall be construed to cover information obtained outside the discovery process in this matter (whether or not that same information was produced in discovery in this matter).

12.     In the event documents that are claimed to be privileged or protected by the work product doctrine are inadvertently produced, such documents shall be returned by the receiving party to the producing party within two days of any written request therefore, unless the receiving party challenges the privileged or protected nature of the document(s), in which case the producing party shall make an application to the Court for the return of the document(s). While such application is pending, the receiving party shall not use or divulge the contents of such document(s) except to the Court. The inadvertent production of any document claimed to be privileged or protected shall not constitute or be deemed a waiver of any such privilege or protection.

13.     Nothing in this Order will preclude any person or party from seeking a further Protective Order with respect to any Confidential Information addressed herein, including the treatment of confidential information at any trial or hearing in this matter.

14.     If a party in possession of Confidential Information receives a subpoena from a non-party to this litigation seeking production or other disclosure of Confidential Information, it shall immediately give written notice to the party who produced the Confidential Information identifying the material sought and enclosing a copy of the Subpoena.

15. The parties agree to be bound by the Confidentiality Stipulation pending its approval, as written or modified, by the Court.

Dated: October 30, 2007
New York, New York

| | |
|---|---|
| JOEL FIELD ATTORNEY AT LAW | EPSTEIN BECKER & GREEN, P.C. |
| By: _/s/ Joel Field_<br>Joel Field, Esq. | By: _/s/ James G. Murphy_<br>James G. Murphy, Esq. (JM-9152)<br>Lisa J. Teich (LT-7528) |
| Westchester Financial Center<br>50 Main Street<br>White Plains, New York 10606<br>Attorneys for Plaintiff | 250 Park Avenue<br>New York, New York 10177-0077<br>(212) 351-4500<br>Attorneys for Defendants |

SO ORDERED:

_/s/ Stephen C. Robinson_
U.S.D.J.    11/5/07