UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEONARD SLATIN,

                 Plaintiff,

         - against -

FORTUNOFF FINE JEWELRY & SILVERWARE,
INC. and PENNEY WERNER, individually and as
Director of Human Resources,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 07 CIV. 1267 (SCR)

**SUGGESTION OF
BANKRUPTCY AND NOTICE OF
AUTOMATIC STAY**

       **PLEASE TAKE NOTICE** that on February 4, 2008, defendant Fortunoff Fine

Jewelry and Silverware, LLC filed a voluntary petition for reorganization under Chapter 11 of

Title 11, U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court

for the Southern District of New York,  Case No. 08-10353.

       Pursuant to the provisions of 11 U.S.C. § 362, the above-captioned action is

automatically stayed.

       A true and correct copy of the Voluntary Petition filed by Fortunoff Fine Jewelry

and Silverware, LLC in the United States Bankruptcy Court for the Southern District of New

York is attached hereto as Exhibit A.

Dated:   New York, New York
           February 8, 2008

                        EPSTEIN BECKER & GREEN, P.C.

                        By: _____
                           James G. Murphy
                           250 Park Avenue
                           New York, New York  10177-0077
                           (212) 351-4500
                           jmurphy@ebglaw.com
                           *Attorneys for Defendant*

# EXHIBIT A

B 1 (Official Form 1) (1/08)

| | | |
|---|---|---|
| **United States Bankruptcy Court** | | |

| Name of Debtor (if individual, enter Last, First, Middle):<br>Fortunoff Fine Jewelry and Silverware, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Fortunoff, Fortunoff, the Source** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>20-2025916 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>70 Charles Lindbergh Boulevard<br>Uniondale, NY<br><br>ZIP CODE 11553 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Nassau | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>3 West 57th Street, New York, NY 10019 | ZIP CODE |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>**Retail Business** | ☐ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9        Recognition of a Foreign<br>☑ Chapter 11      Main Proceeding<br>☐ Chapter 12    ☐ Chapter 15 Petition for<br>☐ Chapter 13      Recognition of a Foreign<br>                      Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br><br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."    ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>--------------------------------------<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |

B 1 (Official Form 1) (1/08)
Page 2

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Fortunoff Fine Jewelry and Silverware, LLC |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: **None** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: **See Annex A** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)   (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.[1]

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

[1] The Debtor is not aware of what is meant by the phrase "imminent and identifiable harm" as used in the form. The Debtor does not believe it owns or possesses property that poses or is alleged to pose a threat of such harm. The Debtor may own property that may be subject to investigation or remediation under environmental laws.

| B 1 (Official Form) 1 (1/08) | | Page 3 |
|---|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | | **Name of Debtor(s):**<br>Fortunoff Fine Jewelry and Silverware, LLC |

<table>
<tr><th colspan="2">Signatures</th></tr>
<tr>
<td>

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

</td>
<td>

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

</td>
</tr>
<tr>
<td>

**Signature of Attorney***

X    */s/ Sally McDonald Henry*
    Signature of Attorney for Debtor(s)
    Sally McDonald Henry
    Printed Name of Attorney for Debtor(s)
    Skadden, Arps, Slate, Meagher & Flom LLP
    Firm Name
Address    Four Times Square
    New York, NY 10036

    212-735-3000
    Telephone Number

Date    2/3/2008

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

</td>
<td>

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

</td>
</tr>
<tr>
<td>

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Authorized Individual
    Arnold Orlick
    Printed Name of Authorized Individual
    Chief Executive Officer
    Title of Authorized Individual
    2/2/08
    Date

</td>
<td>

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

</td>
</tr>
</table>

<u>ANNEX A</u>

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of these petitions, these entities filed an application requesting that the Court administratively consolidate for procedural purposes only and jointly administer their chapter 11 cases.

1.    Source Financing Corp.

2.    M. Fortunoff of Westbury, LLC

## WRITTEN CONSENT OF THE SOLE MEMBER OF
## FORTUNOFF FINE JEWELRY AND SILVERWARE, LLC

### Dated as of February 3, 2008

Under Section 18-302(d) of the Delaware Limited Liability Company Act, the undersigned, being the sole member (the "Member") of Fortunoff Fine Jewelry and Silverware, LLC, a Delaware limited liability company (the "Company"), does hereby adopt, by this written consent, the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Member and direct that this written consent be filed with the minutes of the proceedings of the Member:

WHEREAS, the Member has been presented with a proposed petition to be filed by the Company in the United States Bankruptcy Court for the Southern District of New York seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Company will benefit by the borrowings and the use of the collateral under that certain Debtor-in-Possession Credit Agreement (the "Credit Agreement"), among Source Financing Corp. (the "Parent") (the sole member of the Company), as a Debtor and Debtor in Possession and Facility Guarantor, the Company, as a Debtor and Debtor in Possession and borrower, and M. Fortunoff of Westbury, LLC, as a Debtor and Debtor in Possession, Lead Borrower for the borrowers, and a borrower, the lenders party thereto, Bank of America, N.A. as Issuing Bank, Administrative Agent and Collateral Agent, in substantially the form provided or described to the Member (with such final terms and provisions as the Authorized Officer executing the Credit Agreement may approve), under which the borrowers will borrow funds (the "Indebtedness") and the borrowers and the guarantors will grant security interests in and liens on all or substantially all of their assets in connection with such borrowings and guarantees;

WHEREAS, the Member has determined that it is in the best interests of this Company and its stakeholders that this Company file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankrutpcy Code, in which the authority to operate as a debtor-in-possession would be sought;

WHEREAS, it is proposed that the Company enter into an Asset Purchase Agreement with H Acquisition, LLC ("Buyer"), a Delaware corporation, the Member, and M. Fortunoff of Westbury, LLC ("MFW"), (the "Purchase Agreement"), which provides for, among other things, the sale of substantially all of the assets of the Company (the "Sale");

WHEREAS, the Board, upon careful consideration of the Purchase Agreement and the transactions contemplated thereby, has determined that it is in the best interests of the Company, the Member and MFW to approve the Purchase Agreement and to consummate the transactions contemplated thereby.

NOW THEREFORE, BE IT RESOLVED, that this Company file a petition seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is

1

authorized hereby; and it is further

RESOLVED, that the directors or officers of the Member (each, an "Authorized Officer" and collectively, the "Authorized Officers") be, and each of them hereby is, appointed by the Member as an authorized signatory in connection with the chapter 11 proceedings authorized herein; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all action which they deem necessary, proper or desirable in connection with the chapter 11 case, including any and all action necessary, proper or desirable in connection with obtaining debtor-in-possession financing and the pursuit of a sale of the Company, with a view to the successful prosecution of such case; and it is further

RESOLVED, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, and its affiliated law practice entities be, and hereby are, employed under a general retainer to render legal services to, and to represent, the Company in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve; and it is further

RESOLVED, that the firm of FTI Consulting, Inc. be, and hereby is, employed as crisis manager for the Company in connection with the chapter 11 case, on such terms as any Authorized Officer shall approve; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, including in connection with (i) debtor-in-possession financing and (ii) the pursuit of a sale of the Corporation, be and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

RESOLVED, that the Company as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code be, and it hereby is, authorized to enter into that certain Credit Agreement in substantially the form provided or described to the Member (with such final terms and provisions as the Authorized Officer executing the Credit Agreement may approve), under which the borrowers will borrow the Indebtedness and the borrowers and the guarantors will grant security interests in and liens on all or substantially all of their assets in connection with such borrowings and guarantees; and it is further

RESOLVED, that the Company, as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code, be, and it hereby is, authorized to obtain the use of cash collateral in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Company and certain of its subsidiaries; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized to negotiate, determine and approve for and on behalf of the Company as debtor and debtor-in-possession, the terms and provisions of the Credit Agreement, the principal amount, rate of interest and maturity of promissory notes to be executed by the Company, if any, evidencing the Indebtedness (the "Promissory Notes") and such other documents, agreements, instruments, financing statements, notices, undertakings, certificates or other writings as may be required under the terms of the Credit Agreement, contemplated thereby or in furtherance thereof; and it is further

RESOLVED, that the Company is hereby authorized to pledge, mortgage, hypothecate, encumber and grant a lien on or security interest in, any and all of its property, real or personal, tangible or intangible, now or hereafter acquired, to secure its obligations under the Loan Documents (as defined below), including, without limitation, under any security agreement, pledge agreement and one or more deeds of trust or mortgages; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered on behalf of the Company, as debtor and debtor-in-possession, to cause to be prepared, to negotiate, execute and deliver, and to perform its obligations under (i) the Credit Agreement, (ii) the Promissory Notes, if any, and (iii) such other documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings as may be required by, contemplated by or in furtherance of the Credit Agreement, including but not limited to any fee letter, control agreement, guaranty, pledge agreement, security agreement, letter of credit application, certificate, mortgage, other security instrument or other document evidencing the obligations of the Company under the debtor-in-possession financing (all of the foregoing documents, collectively, the "Loan Documents"), each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Officer so acting, and any amendments, restatements, amendments and restatements, supplements or other modifications thereto, in each case with such changes therein and additions thereto (substantial or otherwise) as shall be deemed necessary, appropriate or advisable by any Authorized Officer executing the same on behalf of the Company, the execution and delivery thereof by such Authorized Officer to be conclusive evidence of such approval by them; and it is further

RESOLVED, that the Company is hereby authorized to enter into and perform its obligations under one or more pledge agreements, including amendments, restatements, amendments and restatements, supplements and other modifications thereto, under the terms of which the Company will pledge to an agent or agents for the benefit of the lenders and other secured creditors under the Credit Agreement and the other Loan Documents certain of the capital stock and other equity interests owned by the Company from time to time to secure the payment and performance of the obligations of the Company under the Credit Agreement and the other Loan Documents; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized to establish, facilitate or comply with the terms and conditions of the Loan Documents as the same may be amended from time to time, and to do and perform, or cause to be done and performed, all acts, deeds and things, in the name and on behalf of the Company or otherwise as such Authorized Officer may deem necessary or appropriate; and it is further

RESOLVED, that after thorough consideration, including consultation with senior management of the Company and, based upon all of the current factors affecting the Company, the Member hereby determines that the Purchase Agreement, the performance by the Company of its obligations thereunder and the consummation of the transactions contemplated thereby, including the Sale, are in the best interests of the Company; and it is further

RESOLVED, that the form, terms and provisions of the Purchase Agreement, the performance by the Company of its obligations thereunder and the consummation of the transactions contemplated thereby be, and they hereby are, approved, adopted and authorized for all purposes and in all respects; and it is further

RESOLVED, that any Authorized Officers of the Company be, and each of them individually hereby is, authorized, empowered and directed to execute and deliver, in the name and on behalf of the Company the Purchase Agreement, substantially in the form attached hereto as Exhibit A, with such changes and additions thereto as any Authorized Officer executing the same shall approve, the signature of any such Authorized Officer thereon to be conclusive evidence of the approval of such changes; and it is further

RESOLVED, that in addition to the specific authorizations set forth in the foregoing resolutions, the Authorized Officers be, and each of them individually hereby is, authorized to take or cause to be taken any and all such further actions and to prepare, execute, deliver and file or cause to be prepared, executed, delivered and filed, all such further reports, schedules, statements, consents, documents, agreements, certificates and undertakings, in the name and on behalf of the Company, as any such Authorized Officer shall determine to be necessary or appropriate to carry into effect the transactions contemplated by the Purchase Agreement or otherwise in connection with the Sale and the intent and purpose of any and all of the foregoing resolutions; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to take all such actions to obtain any authorizations, consents, waivers or approvals of any third party that such Authorized Officers deem necessary, appropriate or advisable to effect the transactions contemplated by these resolutions, and such Authorized Officers may execute and deliver or cause to be delivered such agreements and other documents and may take all such other actions as such Authorized Officer deems necessary or advisable to effect this resolution; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered for and in the name and on behalf of the Company to amend, supplement or otherwise modify from time to time the terms of any documents, agreements, instruments, financing statements, notices, undertakings, certificates or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that all instruments, agreements, certificates, consents, waivers or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by any Authorized Officer in connection with the chapter 11 case, any debtor-in-possession financing, or any further action to seek relief on behalf

4

of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable in the good faith judgment of such Authorized Officer to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, directed and empowered, in the name and for and on behalf of the Company, to pay and direct the payment of all fees and expenses incurred in connection with the transactions contemplated by these resolutions; and it is further

RESOLVED, that all actions previously taken by any Authorized Officer or counsel with respect to the matters contemplated by these resolutions, including but not limited to any debtor-in-possession financing, are hereby adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

RESOLVED, that this consent may be signed in any number of counterparts, each of which shall be an original and all of which, taken together, shall constitute one and the same instrument and that once signed, this consent shall be filed with the corporate records of the Company.

When signed by the Company's sole Member, this above unanimous written consent shall be effective as of the date first written above.

5

IN WITNESS WHEREOF, the undersigned has executed this unanimous written consent of the sole Member as of the date first written above.

Source Financing Corp.

By: /s/Dean Kehler
     Dean Kehler
     Director

*[Signature Page to Written Consent of Sole Member of Fortunoff Fine Jewelry and Silverware, LLC]*

6

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
J. Gregory Milmoe (JGM 0911)
Sally McDonald Henry (SMH 0839)

Proposed Counsel for Debtors and
  Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -   x

| | |
|---|---|
| In re: | :   Chapter 11 |
| | : |
| FORTUNOFF FINE JEWELRY AND | :   Case No. 08-[_____] (____) |
| SILVERWARE, LLC, et al. | : |
| | : |
| Debtors. | :   (Motion for Joint Administration Pending) |

- - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## CONSOLIDATED LIST OF CREDITORS HOLDING
## THIRTY LARGEST UNSECURED CLAIMS

Set forth below is a list of creditors holding the 30 largest unsecured claims against the debtors and the debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1] as of approximately February 1, 2008. The list has been prepared on a consolidated basis from the books and records of the Debtors. The information presented in the list below shall not constitute an admission by, nor is it binding on, the Debtors.[2]

The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is

---

[1]   The Debtors are the following entities: Source Financing Corp., Fortunoff Fine Jewelry and Silver, LLC and M. Fortunoff of Westbury, LLC.

[2]   The Debtors will file the schedules of assets and liabilities (the "Schedules") in accordance with 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007. The information contained in the Schedules may differ from that set forth below. Furthermore, the Debtors have not yet identified which of their largest unsecured claims, if any, are contingent, unliquidated, disputed and/or subject to setoff. The Debtors reserve the right to identify any of their claims listed in the Schedules as contingent, unliquidated, disputed and/or subject to setoff as appropriate. Inclusion of a claim on this consolidated list is not an admission that the amounts are or are not contingent, unliquidated, disputed and/or subject to setoff nor an admission that the amounts listed are owed by more than one of the Debtors.

such that the unsecured deficiency places the creditor among the holders of the largest unsecured claims.

| | | | | | |
|---|---|---|---|---|---|
| 1. | Agio | Bob Gaylord | 849 Seahawk Circle, Suite 103<br>Virginia Beach, VA 23452<br>Phone: (754) 468-4782<br>Fax: (757) 368-2534 | Trade | $5,678,300.00 |
| 2. | Arandell | Bobbi Pfeiffer | N82 W13118 Leon Rd.<br>Menomonec Falls, WI 53051<br>Phone: 1-800-558-8724 ext. 109<br>Fax: (262) 255-8218 | Trade | $1,321,013.00 |
| 3. | Bloomingdale Road Investors | Diane DeVita | c/o R Squared LLC,<br>55 Madison Ave.<br>New York, NY 10022<br>Phone: (212) 527-3036<br>Fax: (212) 527-3031 | Landlord | $1,170,454.00 |
| 4. | Graphic Communications | Tom Groenings | 16-B Journey<br>Aliso Viego, CA 92656<br>Phone: (203) 901-3879 | Trade | $948,219.00 |
| 5. | Weber Stephens | Leonard Gryn | 200 East Daniels Road<br>Palatine, IL 60067<br>Phone: (224) 836-2604<br>Fax: (224) 836-2726 | Trade | $851,001.00 |
| 6. | Kama Jewelry India Ltd. | Colin or Binay | 10 Vishwsshwar Nagar<br>A Wing 1st Floor<br>Kumson Mill Compound<br>Off Farley Road, India<br>Phone: 91-22-228293901<br>Fax: 91-22-28293906 | Trade | $842,228 |
| 7. | Stein World | Judy Williamson | 1721 Latham St.<br>Memphis, TN 38106<br>Phone: (901) 251-8350<br>Fax: (901) 251-8398 | Trade | $832,870.00 |
| 8. | Movado Group | Maria Feliciano | 650 From Road, Mack-Cali #2<br>Paramus, NJ 07652<br>Phone: (201) 267-8208<br>Fax (201) 267-8130 | Trade | $793,755.00 |
| 9. | Westwood LLC | Isidore Mayrock | 70 Charles Lindberg Blvd.<br>Uniondale, NY 11553<br>Phone: (516) 542-4214<br>Fax: (516) 542-4424 | Trade | $776,606.00 |

| | | | | | |
|---|---|---|---|---|---|
| 10. Martin Flyer, Inc. | Gary Flyer | 48 West 48th Street<br>New York, NY 10036<br>Phone: (212) 840-8899<br>Fax: (212) 768-6124 | Trade | $745,050.00 | |
| 11. Michael Werdiger, Inc. | Richard Werdiger | 35 West 45th Street<br>New York, NY 10036<br>Phone: (212) 869-5155<br>Fax: (212) 869-5945 | Trade | $713,062.00 | |
| 12. New York Interconnect | | PO Box 19252<br>Newark, NJ 07195<br>Phone: (516) 803-5380 | Trade | $701,000.00 | |
| 13. Rama Manuf. Co. Inc. | Jay Weinblatt | 579 5th Avenue, 3rd Floor<br>New York, NY 10017<br>Phone: (212) 869-5424<br>Fax: (212) 827-0637 | Trade | $636,044.00 | |
| 14. Treasure Garden | Margaret Chang | 13401 Brooks Drive<br>Baldwin Park, CA 91706<br>Phone: (626) 814-0168<br>Fax: (888) 821-8867 | Trade | $616,024.00 | |
| 15. M C R Trading Co. | Moshe | 2 West 46th Street, Suite 501<br>New York, NY 10036<br>Phone: (212) 382-2053<br>Fax: (212) 764-5226 | Trade | $612,281.00 | |
| 16. Lazare Kaplan | Frank Roselli | 19 West 44th Street, 16th Floor<br>New York, NY 10036<br>Phone: (212) 972-9700<br>Fax: (212) 972-8561 | Trade | $604,749.00 | |
| 17. SMH Group | Riguey Garcia | 1200 harbor Blvd.<br>Weehawken, NJ 07087<br>Phone: (201) 271-4712<br>Fax: (201) 271-4712 | Trade | $602,040.00 | |
| 18. Disons Gems, Inc. | Rahul Mehta | 415 Madison Avenue<br>New York, NY 10017<br>Phone: (212) 921-4133<br>Fax: (212) 730-8365 | Trade | $593,137.00 | |
| 19. Lenox | Fred Spivak | 1414 Radcliffe Street<br>Bristol, PA 19007<br>Phone: (267) 525-7800 | Trade | $575.380.00 | |
| 20. Dejah Enterprises | Raymond Dejah | 1515 Industrial Court<br>Bayshore, NY 11706<br>Phone: (631) 265-2185<br>Fax: (631) 744-4560 | Trade | $570,080.00 | |
| 21. Lamorinda/Pan digital | Todd Ruhalter | 29626 Meadowmist Way<br>Agoura Hills, CA 90301<br>Phone: (925) 833-7898<br>Fax: (925) 833-7899 | Trade | $546,552.00 | |

| | | | | | |
|---|---|---|---|---|---|
| 22. Intellingencer Printing Co. | George Crognale | 330 Eden Rd. PO Box 1768 Lancaster, PA 17608 Phone: (717) 291-3100 | Trade | $541,829.00 | |
| 23. Nourison | Steven Peykar | 5 Sampson Street Saddlebrook, NJ 07663 Phone: (800) 223-1110 Fax: (201) 226-7244 | Trade | $536,198.00 | |
| 24. LVMH Heauer Watch | Julie Rodriguez | 966 South Springfield Avenue Springfield, NJ 07081 Phone: (800) 321-4832 ext. 9161 Fax: (973) 467-3785 | Trade | $534,562.00 | |
| 25. Croscill Curtain | Tony Cossella | 261 5th Ave. New York, NY 10016 Phone: (212) 951-7457 Fax: (212) 481-7180 | Trade | $513,125.00 | |
| 26. William Levine Inc. | David Levine | 29 East Madison Street, Suite 144 Chicago, IL 60602 Phone: (312) 236-3700 Fax: (312) 580-7470 | Trade | $504,515.00 | |
| 27. New York Times | John DeGrazio | 620 8th Avenue, 22nd Floor New York, NY 10018 Phone: (212) 556-5981 | Trade | $500,776.00 | |
| 28. Somerset | Esther Emberlu | 25 West 45th Street, Suite 502 New York, NY 10036 Phone: (212) 730-4985 Fax: (212) 730-5184 | Trade | $491,007.00 | |
| 29. Cast Classics | David Arad | 1270 Valley Brook Avenue Lyndhurst, NJ 07071 Phone: (800) 900-CAST | Trade | $482,690.00 | |
| 30. Dov Schwartz, Inc. | Dov Schwartz | 550 Fifth Avenue New York, NY 10022 Phone: (212) 681-8660 | Trade | $473,206.00 | |

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Sally McDonald Henry (SMH 0839)
J. Gregory Milmoe (JGM 0911)

Proposed Counsel for Debtors and
  Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                            :   Chapter 11

                                :

FORTUNOFF FINE JEWELRY AND   :   Case No. 08-[_____] (____)
SILVERWARE, LLC, et al.          :

                                :

           Debtors.        :   (Motion for Joint Administration Pending)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## LIST OF EQUITY SECURITY HOLDERS

      In accordance with Rules 1007(a)(1) and 1007(a)(3) of the Federal Rules of
Bankruptcy Procedure, debtors and debtors-in-possession in the above-captioned cases
(collectively, the "Debtors")[1], hereby submit the following information:

- Source Financing Corp. is owned by:

  - Trimaran Fund II, L.L.C. (31.5%)
  - CIBC MB, Inc. (22.4%)
  - CIBC Employee Private Equity Partners (Trimaran) (20.5%)
  - Trimaran Parallel Fund II, L.P. (13.3%)
  - KG Source Equity Investors I, LLC (5.7%)
  - KG Source Equity Investors II, LLC (4.5%)
  - Trimaran Capital, L.L.C. (2.0%)

- Fortunoff Fine Jewelry and Silverware, LLC is 100% owned by Source
  Financing Corp.

- M. Fortunoff of Westbury, LLC is 100% owned by Source Financing Corp.

---

[1]   The Debtors are the following entities: Source Financing Corp., Fortunoff Fine Jewelry and Silver, LLC and M.
Fortunoff of Westbury, LLC.